# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL HENNEMAN,**

    **Plaintiff,**

    **v.**         **Case No. 10-C-746**

**FEDERAL CHECK RECOVERY**
*also known as*
**FCR09 Inc,**

    **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL

On August 31, 2010, Michael Henneman filed a complaint alleging that the defendant violated the Fair Debt Collection Practices Act ("FDCPA") by repeatedly calling him, threatening legal action, and using foul, offensive, and demeaning language. (Docket No. 1.) On October 13, 2010, Henneman returned a summons indicating that the defendant was served on October 5, 2010. (Docket No. 5.) When a responsive pleading was not filed within the 21 days allotted under Fed. R. Civ. P. 12(a)(1)(A)(i), the Clerk requested the plaintiff to inform the court of the status of the matter within 14 days. (Docket No. 6.) Without any explanation, the defendant filed an answer on November 2, 2010. (Docket No. 8.) After all parties consented to the full jurisdiction of a magistrate judge, (Docket Nos. 4, 9), this court held a scheduling conference on January 4, 2011, (Docket No. 13). The court set April 1, 2011 as the deadline for all discovery and scheduled a conference for April 6, 2011. (Docket Nos. 13, 14.)

On March 18, 2011, the plaintiff filed a motion to amend his complaint, (Docket No. 15), and a motion to extend the deadline for discovery, (Docket No. 16). On March 23, 2011, the court

denied without prejudice the plaintiff's motion to amend, noting that the plaintiff failed to comply with Civil Local Rule 15. (Docket No. 18.) The court granted the plaintiff until March 28, 2011 in which to submit a proper motion to amend his complaint. (Docket No. 18.) No amended complaint was filed. With respect to the motion to extend the discovery deadline, the court ordered the defendant to respond and stated the court would discuss the matter at the April 6, 2011 conference. (Docket No. 18.)

The defendant responded in opposition to the defendant's request to extend discovery. (Docket No. 19.) In this response the defendant noted that Fed. R. Civ. P. 29 was not the proper basis for this motion and reiterated a belief that the plaintiff was mistaken as to the identity of the proper defendant. (Docket No. 19.) It noted that records produced in discovery so far had failed to support the plaintiff's allegations of repeated calls and instead corroborated the defendant's allegation that only a single call had been made. (Docket No. 19.)

At the April 6, 2011 conference, the court discussed at length the parties' issues regarding discovery. The court commented that this case appeared straightforward and not of a sort that would require months of discovery. Plaintiff's counsel reiterated that he already had "evidence of a lot of phone calls." Nonetheless, the court stated it would extend discovery until April 29, 2011 "to complete what has to be done." In this context, the court referenced motions to compel and reminded parties that any motion to compel must comply with Civil Local Rule 37. The court also set May 23, 2011 as the deadline for filing any dispositive motions. (Docket No. 23.)

Discovery closed on April 29, 2011. On May 6, 2011, the defendant filed a motion for summary judgment. (Docket No. 24.) On May 10, 2011, the plaintiff filed a motion to compel. (Docket No. 28.) Like all of the plaintiff's filings in this matter, this motion failed to comply with General Local Rule 5(a)(4) and this court's [Special Instructions for Litigants](). The court cautions

plaintiff's counsel that any further filing that does not comply with these requirements may be stricken.

Moreover, despite this court's prior explicit instruction, plaintiff's counsel failed to comply with Civil Local Rule 37, which requires a good faith conference, or an attempt at same with opposing counsel. The requirement for such a conference is required because either a face-to-face or telephonic discussion often results in a resolution of a discovery dispute. Written or electronic communications, as illustrated by the six letters sent by plaintiff's counsel, usually are missiles which fail to hit the targets/. Plaintiff's counsel also failed to comply with another of this court's [Special Instructions for Litigants](#) and provide the court with paper copies of any filing that exceeds 10 pages. In any event, these errors are immaterial because it is another deficiency that leads this court to deny the plaintiff's motion to compel; the plaintiff's motion is untimely.

The court reluctantly extended the deadline for discovery until April 29, 2011. According to the exhibits attached to the plaintiff's motion, the plaintiff submitted his first set of written interrogatories and requests for production to the defendant on March 17, 2011. (Docket No. 28-8.) The defendant responded on April 5, 2011. (Docket No. 28-9.) As noted above, plaintiff's counsel sent six largely identical letters to defense counsel between April 6, 2011 and April 12, 2011 (one each day) requesting defense counsel to "[p]lease have your client respond to our discovery," and threatening to pursue sanctions. (Docket Nos. 28-2 – 28-7.) The defendant supplemented its responses on April 22, 2011. (Docket No. 28-10.) There is nothing to indicate any further correspondence between the parties following this date. It was not until May 10, 2011, 18 days after the defendant's supplemental responses and 11 days after the close of discovery, that the plaintiff filed his present motion to compel.

Although some districts' local rules include time limits for filing motions to compel, see In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 332 (N.D. Ill. 2005) (citing United States ex. rel.

Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002); Sonnino v. University Kansas Hospital Authority, 220 F.R.D. 633, 636 (D.Kan. 2004), this district's do not and neither does Fed. R. Civ. P. 37. Instead, courts have held that a motion to compel must be brought in a timely fashion. Cont'l Indus. v. Integrated Logistics Solutions Llc, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (citing Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000). Faced with an objection to a discovery request, it is incumbent upon the requesting party to promptly pursue his remedies under Rule 37. Id. (citing Clinchfield R. Co. v. Lynch, 700 F.2d 126, 132 n. 10 (4th Cir. 1983). If the requestor fails to timely file a motion to compel, this failure may constitute a waiver of any relief. Id. (citing DesRosiers v. Moran, 949 F.2d 15, 22 n.8 (1st Cir. 1991)).

If there is a bright line when it comes to when a motion to compel may be brought it is the discovery deadline. "[M]otions to compel filed after the close of discovery are almost always deemed untimely." In re Sulfuric Acid Antitrust Litig., 231 F.R.D. at 332 (citing Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001)). This is particularly true if the motion to compel is brought only after a motion for summary judgment has been filed. See Packman, 267 F.3d at 647; see also Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1058 (7th Cir. 2000); Rossetto v. Pabst Brewing Co., 217 F.3d 539, 542 (7th Cir. 2000); Dynamic Movers v. Paul Arpin Van Lines, 956 F. Supp. 836, 840 (E.D. Wis. 1997). Moreover, among other factors, the movant's explanation for his failure to bring the motion before the discovery deadline and whether the discovery deadline had already been extended are particularly relevant when considering if a motion to compel is timely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 398 (N.D. Tex. 2006). Ultimately, a determination of whether a motion to compel is timely is within the discretion of the trial court. Packman, 267 F.3d at 647.

In the present case, not only was the motion to compel filed after the close of discovery but it was filed only after the defendant moved for summary judgment. Plaintiff's counsel offers no

explanation why he failed to bring this motion before the discovery deadline. The chronology set forth above clearly demonstrates that he had ample time to do so. Finally, the court has already extended the discovery deadline, over the defendant's objection. Therefore, the court concludes that the plaintiff's motion to compel is untimely and thus shall be denied. The plaintiff shall respond to the defendant's motion for summary judgment in accordance with this district's Local Rules no later than **June 6, 2011**. The defendant may reply no later than **June 20, 2011**.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel and for sanctions, (Docket No. 28), is **denied**.

Dated at Milwaukee, Wisconsin this <u>19th</u> day of May, 2011.

s/AARON E. GOODSTEIN  
U.S. Magistrate Judge
